## ANDERSON *vs.* BARKSDALE.

Where, in a suit for injury from the water of a mill-dam, whereby the plaintiff's land was made too wet for cultivation, the evidence was conflicting, this court will not control the discretion of the

presiding judge in refusing to grant a new trial on the ground that the verdict was contrary to law and evidence.

(*a.*) The weight of all testimony, whether from experts or not, is for the jury, under proper instructions from the court.

April 6, 1886.

New Trial. Witness. Experts. Before Judge LUMPKIN. Wilkes Superior Court. November Term, 1885.

Reported in the decision.

W. M. & M. P. REESE, for plaintiff in error.

HARDEMAN & IRVIN, for defendant.

JACKSON, Chief Justice.

Barksdale sued Anderson for damage to his land by reason of water from his dam, or the effects of it, making it too wet for cultivation. The jury found for the plaintiff, and the court having declined to grant a new trial, the defendant excepted, on the ground that the verdict is not supported by the evidence and is contrary to law.

Many witnesses were sworn, and some testified one way, and others the other way, and we cannot disturb the verdict, supported by the judgment of the presiding judge, without overruling a multitude of cases.

The learned counsel for plaintiff in error rests his case mainly on the testimony of an expert; but it is for the jury to weigh the testimony of all witnesses, under the instructions of the court thereon, in respect to the respective weight of experts and common observers of the effects of water. There is no exception to the charge of the court. On the contrary, it is alleged that the verdict is contrary to it; and, therefore, there being no exceptions to any part, but this endorsement of it, the judge undoubtedly laid down the law to the satisfaction of the plaintiff in error, and in accordance with what that law is in the books. He did not think that the jury found against it, but approves the finding. It is his discretion that grants or refuses a

new trial on the weight of evidence, and our province is only the duty to keep him from an abuse of that discretion. In the face of the testimony of witnesses, that the land was injured by water seeping into it from the effects of this dam, how can we say that his discretion was abused?

The truth is, water is a queer element, and the earth is more or less porous everywhere, and water passes through a multitude of little pores and spreads and wets the soil often unaccountably; and while science and the learning of an expert civil engineer are entitled to great respect, the observation of its effects upon soil by practical men of common sense, from the mill-dams much below the lands damaged, is certainly evidence; and to weigh the results of science with the results of close observation by unscientific men is the province of the jury.

Of course, what is the law of nature must be truth itself, but that law can only be known by facts, and those facts must be gathered by observation at last, whether the observation be written in books from witnesses who have noticed the movements of water and its nature, and the expert gives the result of those collected observations from books, or whether the practical, every-day observers of these things testify individually, not from the collect in the books, but what they see and believe they know. What the law of the nature of water is, it is true, is the issue, because the issue is what is the truth; but witnesses of what anything does show its nature and the law of that nature, and what they swear goes to show what that law is. It may be that the expert is right; it may be that he is wrong. Giving all the preponderance that superior knowledge from the collected observations of years on years gives over scattered individual observations of commen men, and still all is testimony and makes evidence, and we cannot say that there is none to sustain this verdict, it having been approved by that judicial officer who heard and saw all, and in whom the human law of this state vests the discretion to pass upon it.

Judgment affirmed.